UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
Jean Mondesir,

                Plaintiff,

     -against-

The City of New York, and New York City Police Officers John Does #1-6 (each in their individual capacities),

                Defendants.

Demand for Jury Trial
--------------------------------------------------------

12-CV-3012 (KAM)(JO)

**PLAINTIFF'S MOTION TO TRANSFER VENUE**

James LeBow attorney for Plaintiff, Jean Mondesir hereby files this Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) ("Section 1404(a)").  Plaintiff respectfully moves this Court to transfer this action to the United States District Court for the Southern District of New York. Defendant The City of New York consents to this motion.  In support of this Motion, the Plaintiff states as follows:

1. Plaintiff filed this action on June 15, 2012, asserting claims against the City of New York and Defendants Does #1-6 pursuant to 42 U.S.C. §1983 on grounds of false arrest, malicious prosecution, excessive force, and entity liability.

2. Defendants have not yet answered.

3. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

4. In considering a § 1404(a) motion, a court must first consider whether the action could have been brought in the proposed transferee district, and second, whether the transfer would promote the convenience of the parties and witnesses and would be in the interests of justice. Ohuche v. Allstate Prop. & Cas. Ins. Co., 2012 U.S. Dist. LEXIS 98785, at *7-8 (S.D.N.Y. July 11, 2012), citing Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001).

5. Venue was initially proper in the Eastern District of New York under 28 U.S.C. §1391(b)(1), because the City of New York resides in the Eastern District of New York.

6. The action could have been brought in the proposed transferee district. Venue would be proper in the Southern District of New York under 28 U.S.C. §1391(b)(1) and (2), because the City of New York resides in the Southern District of New York, and the events giving rise to the claims herein occurred in the Southern District of New York.

7. On the issue of whether the transfer would be in the interests of justice, courts consider the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight to be accord[ed] a plaintiffs choice of forum; and (9) trial efficiency and the interests of justice . There is no rigid formula for balancing these factors, and no single factor is considered to be determinative. Solar v. Annetts, 707 F. Supp. 2d 437, 442 (S.D.N.Y. 2010).

8. The locus of the operative facts would favor a venue in the Southern District of New York.

9. The Southern District of New York would be more convenient for parties and witnesses, including Plaintiff Jean Mondesir, a resident of the Washington Heights neighborhood of Manhattan in the Southern District, and Defendants Does, who are officers of the 30th Precinct in Washington Heights. This convenience would also further trial efficiency.

10. There would be no difference between the Southern and Eastern Districts as potential forums in terms of access to documents, the availability of process to compel unwilling witnesses, the means of the parties, or those districts' familiarity with the governing law.

11. While Plaintiff initially chose the Eastern District as a forum, Plaintiff and Defendant City of New York now agree that the Southern District would be preferable.

12. As Defendant City of New York has not yet answered, its investment in the Eastern District as a forum has been minimal.

Accordingly, Plaintiff Jean Mondesir hereby requests that this Court approve a transfer of this action to the Southern District of New York, and thank this Court for its consideration of the above.

Dated: New York, New York                     Respectfully submitted,
      August 6, 2012                          LeBow and Associates, PLLC

                                                      /s/ James LeBow
                                        _____
                                        By: James LeBow ( jl4535)
                                        570 Lexington Ave., 16th Floor
                                        New York, NY 10022

Tel: 212-868-3311
Attorneys for Plaintiff Jean Mondesir